NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FELIX ROBLES, :
:  **Hon. Dennis M. Cavanaugh**
Petitioner, :
: **OPINION**
v. :
: Civil Action No.05-2342(DMC)
UNITED STATES OF AMERICA, : Criminal No. 00-128 (AMW)
:
Respondent. :

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court on a petition for writ of habeas corpus relief by Felix Robles ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by Brian R. Howe, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is hereby **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

### I. BACKGROUND

On February 8, 2000, Petitioner was indicted for conspiring to distribute more than one hundred (100) grams of heroin in violation of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846. (Respondent's Answer at 5). On June 26, 2000, a jury returned guilty verdicts against Petitioner

and one of his co-conspirators.  (Id.)  Judge Wolin sentenced Petitioner to one hundred and twenty (120) months in prison and supervised release for three years.  (Id.)  Petitioner filed a notice of appeal before the Third Circuit on September 25, 2000.  (Id. at 6).  Petitioner's lawyer filed an Anders brief before the Third Circuit requesting to be removed as counsel and arguing there were not any non-frivolous issues to review.  (Id.)  On June 27, 2001, Petitioner filed a pro se brief contesting his attorney's position.  (Id.)   On December 28, 2001, the Third Circuit affirmed Petitioner's conviction and sentence.  The Court found that there was no non-frivolous issues and granted counsel's motion to withdraw.  (Id. at 7).

Over three years later on May 2, 2005, Petitioner filed a pro se motion pursuant to 28 U.S.C. § 2255.  In his motion, Petitioner claims: (1) the Court lacked jurisdiction to sentence him pursuant to an "Enhanced Penalty Information," under 21 U.S.C. § 851; (2) his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and he received ineffective assistance of counsel because his attorney failed to raise this issue on appeal; and (3) there is newly discovered evidence of ineffective assistance of counsel pertaining to a lost plea offer.  This Court now decides these issues.

## II. DISCUSSION

### A. Standards of Review

#### 1. Pro Se Submissions

Courts recognize that pro se submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Estelle v. Gamble, 429 U.S. 97, 106 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Haines v. Kerner, 404 U.S. 519, 520 (1972); McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996); United States

v. Day, 969 F.2d 39, 42 (3d Cir. 1992) (finding pro se petitions cannot be held to the same standard as pleadings drafted by a lawyer); Lewis v. Att'y Gen. of United States, 878 F.2d 714, 722 (3d. Cir. 1989). Accordingly, a prisoner's habeas petition and any supporting material must be constructed liberally and viewed with a measure of restraint for the facilities of the pro se petitioner. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis, 878 F.2d at 721; United states v. Brierley, 414 F.2d 551, 555 (3d Cir.) cert. denied, 399 U.S. 912 (1970); Haines, 404 U.S. at 520.

### 2.  Standard of Review for 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a prisoner may make a motion:

> [C]laiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Additionally, a "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Id. A § 2255 motion "may not be used to challenge errors that were not first raised on direct appeal unless the error is jurisdictional or constitutional, or an error of law that is 'a fundamental defect which in inherently results in a complete miscarriage of justice' and which presents 'exceptional circumstances where the need for the remedy ... is apparent." United States v. McNair, Nos. CRIM.90-458, CIV. 91-6833, 1993 WL 259330, at *2 (E.D.Pa. 1993), citing United States v. Robinson, 585 F.2d 274, 278 (7th Cir. 1978); quoting Davis v. United States, 417 U.S. 333, 346 (1973).

### 3. Collateral Attacks on Final Judgments

Grounds for a collateral attack on final judgments are narrowly limited. United States v. Addonizio, 442 U.S. 178, 185 (1979). To obtain collateral relief, a petitioner must carry a significantly higher burden than what exists on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). An error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. Brecht v. Abramson, 507 U.S. 619, 634 (1993). Errors of fact are only subject to a collateral attack where they are the most fundamental in character, as to render the proceeding irregular and invalid. Addonizio, 442 U.S. at 186.

There are procedural hurdles a petitioner must overcome to collaterally attack a final judgment as well. Claims that were not made at trial or on direct appeal may be waived. Bousely v. United States, 523 U.S. 614, 622 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Thus, a habeas petitioner may only obtain collateral review if he can show both "cause and actual prejudice" resulting from the errors of which he complains. Frady, 456 U.S. at 167-68. If a defendant fails to show both cause and prejudice, he may not obtain collateral review. After a defendant has waived his chance to appeal or it has been exhausted, courts are entitled to presume a defendant's conviction is fair and final. Id. at 164.

The Third Circuit determined that Frady's cause and prejudice requirements apply to § 2255 proceedings where a petitioner seeks relief from alleged errors with his sentence that he has not directly appealed. United States v. Essiq, 10 F.3d 968, 979 (3d Cir. 1993). In Essiq, the

Third Circuit was concerned that Congress's desire to encourage direct appellate review of sentences under the sentencing guidelines would be frustrated if defendants could routinely argue errors were made regarding their sentences in collateral proceedings.  Id.  The Third Circuit has held that a petitioner must show "some objective factor external to the defense impeded counsel's efforts to raise the claim" in order to show a legitimate "cause" for failing to raise a claim of error.  Id.

### B. Petitioner's § 851 Claim

Petitioner argues this Court lacked jurisdiction to sentence him pursuant to 21 U.S.C. § 851.  However, Petitioner's § 851 claim is dismissed due to Petitioner's failure to file a timely request for relief.  Petitioner filed his habeas petition on May 3, 2005, more than three years after his judgment of conviction became final on March 28, 2002.  Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, Tit. I, 110 Stat. 1217, a defendant has one year to request relief pursuant to § 2255.  The one year period runs from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final; or
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; or
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, Petitioner's one year time limit began running on March 28, 2002, which is the date the judgment of conviction became final. See, Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999) (judgment is final, for instance, after the United States Supreme Court denies a petition for certiorari, or ninety days from the date on which the Court of Appeals affirms the judgment of conviction if a petition for certiorari has not been filed). The Third Circuit affirmed Petitioner's judgment of conviction on December 28, 2001, and Petitioner did not file a petition of certiorari. Petitioner's judgment of conviction became final on March 28, 2002, ninety days after the Third Circuit affirmed his conviction. Therefore, Petitioner had to file a request for relief by March 28, 2003, for it to be considered timely. Petitioner did not file his § 2255 petition until May 3, 2005, three years after the statute of limitations had run. Therefore, Petitioner's habeas petition must be denied due to his failure to file it within the required one year period.

The statute of limitations may not be extended in this case because Petitioner has not shown that is should be equitably tolled. See, Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (finding the one year period to be akin to a statute of limitations and recognizing that equitable tolling only apples where the application of the period of limitations would unfairly violate the principles of equity). Petitioner has not presented any legitimate explanation for his untimely filing or any reason why this Court should toll the statute of limitations. There is no reason to find that any principle of equity will be violated if the statute is not tolled. For these reasons, Petitioner's § 2255 petition is untimely and must be denied.

Due to the fact that Petitioner's habeas petition is denied for being untimely, this Court

will not address the remaining arguments in Petitioner's papers.

### III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**. Accordingly, there is no probable cause for appeal and there is no probable cause to issue a certificate of appealability in connection with this decision. Consequently, the matter is hereby **dismissed**.

       S/   Dennis M. Cavanaugh
       Dennis M. Cavanaugh, U.S.D.J.

Date:        April 4, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File